JANE MILLER v. W. H. GARNER.

(Filed 6 December, 1916.)

**Appeal and Error—Trials—Evidence, Withdrawn—Objections and Exceptions.**

> Where a deed is sought to be set aside for mental incapacity of the grantor at the time, and also for fraud and undue influence of the grantee, and the trial judge has withdrawn from the consideration of the jury the evidence upon the latter phase of the case relating to the alleged fraud, etc., but the jury have answered the issue as to the validity of the deed in the negative: *Held,* exceptions to the competency of some of the evidence withdrawn becomes immaterial.

ACTION to set aside a deed and recover land, tried before *Carter, J.,* and a jury, at July Term, 1916, of RANDOLPH.

There was verdict for plaintiffs. Judgment, and defendant excepted and appealed.

*Hammer & Kelly for plaintiff.*
*Scawell & Land for defendant.*

PER CURIAM. We have given careful consideration to the case presented in the record, and are of opinion that the judgment should be affirmed.

It appears that the land in question was owned by Asenath Cox, and in 1912 she, being then 85 years of age, conveyed the same to

defendant W. H. Garner, one of her tenants, the deed being witnessed by Artemus Garner, a brother of the grantee; that three years thereafter said Asenath Cox died, and the deed being then put on record, plaintiffs, the heirs at law of Asenath Cox, brought the present action to set aside the deed, on the ground that same was never executed by said Asenath Cox; that it was not her act and deed, and, second, on the ground of fraud and undue influence on the part of the grantee and his relatives, etc.

The jury rendered the following verdict: "Is the deed of 29 February, 1912, the act and deed of Asenath Cox, deceased? Answer: 'No,'" and from judgment on the verdict defendant excepted and appealed.

During the progress of the trial there were several exceptions to the rulings of the court on questions of evidence.

As now advised, we see no error in these rulings, but the exceptions involved having any significance were to testimony bearing on the questions of fraud and undue influence, and all of the evidence in this aspect of the case, in clear and explicit terms, was withdrawn from the consideration of the jury and the cause was submitted on the single issue as to the execution of the deed. This was purely a question of fact which has been determined by the jury in favor of plaintiffs, and, as stated, we find no error in the record and certainly none that gives the defendant any just ground of complaint.

The judgment is, therefore, affirmed.

No error.